UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL LUCY,<br><br>        Plaintiff,<br>   v.<br>SOC. SEC.,<br><br>        Defendant. | No. CV 07-4850 AG (CW)<br><br>ORDER OF DISMISSAL |

For reasons stated below, this action is dismissed for failure to effect service of process, failure to prosecute, and failure to comply with court orders.

**BACKGROUND**

Plaintiff Michael Lucy, who is pro se, filed the instant complaint challenging a denial of benefits by the Commissioner of Social Security on August 1, 2007. On August 8, 2007, the court issued an initial order detailing court filing procedures. The order advised Plaintiff that, among other things, he was required to keep the court informed of his current address. The order

further stated that if mail sent to Plaintiff's provided address were returned undelivered and if, within fifteen days, Plaintiff failed to notify the court of his current address, then the action would be dismissed for failure to prosecute.

On May 13, 2008, the court issued an order directing Defendant to file an answer and Plaintiff's administrative record. On June 10, 2008, the order, which the clerk of the court had mailed to Plaintiff's address of record, was returned undelivered. Plaintiff did not subsequently notify the court of his current address or otherwise communicate with the court. In the interim, on May 14, 2008, Defendant filed and served on Plaintiff a motion to dismiss the action without prejudice. The motion was based on Plaintiff's failure to effect service of process within one hundred twenty (120) days of the filing of the complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure. The motion explained the service requirement and detailed the means by which to effect service of process.[1] On June 1, 2008, Defendant filed a Status Report stating that no opposition or other response to the motion had been received from Plaintiff.

## DISCUSSION

Fed. R. Civ. P. 4(m) provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss

---

[1] According to the declaration attached to the motion to dismiss made by the Assistant United States Attorney, counsel for defendant, there was no record that Plaintiff effected or attempted service of process at any of the relevant organization units for the Social Security Administration.

-2-

the action without prejudice as to that defendant or direct that service be effected with a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

In light of Plaintiff's failure timely to serve the Defendant, Social Security Commissioner, the instant action is subject to dismissal under this rule. See also Rule 7.9 of the Local Rules (C.D. Cal.)(failure to file opposition may be construed by court as consent to granting of motion).

Moreover, it is well established that district courts have authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)(dismissal for failure to prosecute to avoid undue delay or congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (dismissal for failure to comply with any court order). In particular, this court may dismiss an action when a pro se litigant fails to keep the court informed of a current address, pursuant to Rule 41-6 of the Local Rules (C.D. Cal.):

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

In deciding whether to dismiss for failure to prosecute or to comply with court orders a court should consider five factors: (1) the public interest in expeditious resolution of litigation; (2)

1 | the court's need to manage its docket; (3) the risk of prejudice to
2 | defendants; (4) the public policy favoring disposition of cases on
3 | the merits; and (5) the availability of less drastic sanctions.
4 | See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994)(failure to
5 | prosecute); Ferdik, 963 F.2d at 1260-61 (9th Cir. 1992)(failure to
6 | comply with court orders).

7 | In the present action, the first two factors -- public
8 | interest in expeditious resolution of litigation and the court's
9 | need to manage its docket -- weigh in favor of dismissal.
10 | Plaintiff has not prosecuted this action by effecting service of
11 | process, complying with the court's order regarding keeping the
12 | court apprised of his current address, or filing an opposition or
13 | otherwise responding to the motion to dismiss.

14 | The third factor -- prejudice to defendants -- also weighs in
15 | favor of dismissal. A rebuttable presumption of prejudice to a
16 | defendant arises when a plaintiff unreasonably delays prosecution
17 | of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that
18 | such a presumption is unwarranted in this case.

19 | The fourth factor -- public policy in favor of deciding cases
20 | on the merits -- ordinarily weighs against dismissal. However, it
21 | is a plaintiff's responsibility to move towards disposition at a
22 | reasonable pace and avoid dilatory and evasive tactics. See Morris
23 | v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff
24 | has not discharged this responsibility, despite having been advised
25 | of his responsibilities, afforded sufficient time in which to
26 | discharge them, and warned of the consequences of failure to do so.
27 | In these circumstances, the policy favoring resolution of disputes
28 |

1 | on the merits does not outweigh Plaintiff's failure to comply with
2 | procedural rules and court orders.
3 |     The fifth factor -- availability of less drastic sanctions --
4 | also weighs in favor of dismissal.  The court cannot move the case
5 | toward disposition without Plaintiff's compliance with court orders
6 | or participation in this litigation.  Plaintiff has shown that he
7 | is either unwilling or unable to comply with court orders by
8 | keeping the court apprised of his address, filing responsive
9 | documents or otherwise cooperating in prosecuting this action.
10 | Other possible sanctions for Plaintiff's failures do not reasonably
11 | appear likely to assure future compliance.  Dismissal of this
12 | action without prejudice is therefore warranted.
13 | **ORDERS**:
14 |     Accordingly, Defendant's Motion to Dismiss (docket no. 9,
15 | filed May 14, 2008) is **GRANTED**.  The above-entitled action is
16 | dismissed without prejudice for failure to effect service of
17 | process, failure to comply with court orders, and failure to
18 | prosecute.  The Clerk of the Court shall serve this Order and the
19 | Judgment herein on all parties and counsel.
20 |
21 | DATED: FEB 4, 2010
22 |
23 |                                       ANDREW J. GUILFORD
                                      United States District Judge
24 | Presented by:
     Dated: February 1, 2010
25 |
26 | [signature]
     CARLA M. WOEHRLE
27 | United States Magistrate Judge
28 |

-5-